FILED
 2009 Sep-23  PM 12:40
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| Larry E. Rice, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 09-G-0208-NE |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

The plaintiff, Larry E. Rice, brings this action seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security Benefits.  Larry E. Rice filed an application for Social Security Benefits. Thereafter, plaintiff timely pursued and exhausted the administrative remedies available before the Commissioner.  Accordingly, this case is now ripe for judicial review pursuant to the provisions of section  205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal

standards were applied. <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." <u>Bloodsworth</u>, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." <u>Bloodsworth</u>, at 1239.

At his ALJ hearing the plaintiff testified that he elevates his leg for a total of six hours during the day (approximately 2 hours each time.) The ALJ did not credit this testimony and stated his reasons as follows:

> [I]t appears this is a matter of his own choice, in that the record does not show that he has been advised to do so by any of his physicians. Dr. Hicks made no mention of any need to elevate his legs in a residual functional capacity assessment he completed which is discussed in detail below. It is also noted that no evidence of peripheral vascular disease, phlebitis, are deep vein thrombosis has been noted by any physician.

Record 14. Based upon the evidence of record (including the statements made by the plaintiff to Dr. Lary and on his disability questionnaires), the ALJ's decision not to credit the plaintiff's testimony was not unreasonable. Likewise, with regard to Dr. Hicks' medical source opinion of April 12, 2007, the ALJ refused to credit it in part because "Dr. Hicks stated that ... that it was completed based primarily on

the claimant's subjective complaints." Record 15.  The ALJ's refusal to credit Dr. Hicks' medical source opinion was not unreasonable.

  The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that proper legal standards were applied in reaching that decision.

  Accordingly, the decision of the Commissioner must be affirmed.

  A separate order in conformity with this memorandum opinion will be entered.

  DONE and ORDERED 23 September 2009.

            _____
            UNITED STATES DISTRICT JUDGE
              J. FOY GUIN, JR.